**William Everett DEAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00068–CR.**

Court of Appeals of Texas, Texarkana.

Submitted April 4, 1995.

Decided April 17, 1995.

Discretionary Review Granted Aug. 23, 1995.

Robert P. Abbott, Coppell, for appellant.

John C. Vance, Crim. Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., Dallas, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

In a nonjury trial, William Everett Dean was convicted of cocaine possession. His punishment, enhanced by two prior convictions, was set by the court at twenty-five years in prison. Dean contends that he is entitled to a new trial because parts of the appellate record have been lost or destroyed without his fault, the trial court should have suppressed evidence of the drug because it was seized during an unlawful arrest, and the evidence is factually insufficient to prove that he had joint possession of the cocaine. We sustain the first point of error and reverse and remand for a new trial.

Deputy Constable Frank Bromley, III and Officer Donald Artis on May 10, 1993, executed a "blue warrant" issued by the state Pardons and Parole Division. A "blue warrant" is a warrant issued by the parole division for the arrest of someone suspected of violating parole. Bromley testified that he and Artis went to 4723 W. University in Dallas County

after the parole board told him that Dean had been terrorizing Dean's aunt or family.

The uniformed officers arrived and walked to the front door. As they approached, a woman walked out. Bromley identified himself and asked the woman if she knew Dean. She pointed inside the house and said "back bedroom." When Bromley knocked on the front door, someone told him to come in. Another woman was in the living room. Bromley asked her if Dean was there, and she pointed to the back bedroom. The officers went to the back and saw three men in the bedroom. One of the men matched Dean's description. The others were later identified as Rodney Thomas and Theodora "Etos" Espanza. Dean and Thomas were standing by a desk. Bromley saw a black, square mirrored device on the desk. On the device was a white rock-like substance, which Bromley believed to be cocaine. Espanza was standing near a bed. He threw a piece of glass tubing, which Bromley believed to be a crack pipe, underneath the bed covers. The officers saw Thomas take several pieces of the white substance and place them inside the desk drawer and shut the drawer. The officers arrested the three for possession of a controlled substance and seized the substance.

A nonjury trial was held November 22, 1993. Dean's attorney filed a general pretrial motion that, among other things, asked that illegally obtained evidence be suppressed.[1] The court announced that it would hold the suppression hearing simultaneously with the trial on the merits.

Defense witness Ray Johnson testified that on the day of the offense he visited Dean, who was outside working on his car. Thomas approached them and showed Johnson, but not Dean, two blue bags containing what Johnson believed was rock cocaine. Thomas got Dean's permission to use the telephone and entered the house. Espanza and Sheneka Sims, Dean's girlfriend, followed. Then Johnson left, and Dean entered the house.

Dean testified that after Thomas entered the house, Espanza came from across the street and entered the house. Dean became suspicious and sent his girlfriend to tell Thomas and Espanza to leave. She returned and told Dean that he needed to come into the house because Thomas and Espanza were in his bedroom. Dean went to the bedroom and told the two men to leave because he was on parole and did not want to get involved with drugs. Dean said he then left the room and entered the hallway. The officers then arrested the three.

The court allowed the blue warrant and the supporting affidavit in evidence over Dean's hearsay objection that Bromley was not the record custodian. The court allowed the items recovered from the bedroom, State's Exhibits 1, 2 and 3, in evidence over Dean's objections that the proper predicate had not been laid as to chain of custody.[2]

Dean did not obtain a ruling from the court on his motion to suppress. After both sides rested, Dean's counsel asked only that the court find him not guilty. After the court found Dean guilty, Dean pleaded true to the enhancement paragraphs.

Dean first contends that he is entitled to a new trial because part of the statement of

---

1. Dean's attorney filed a document entitled "DEFENDANT'S ELECTION AND PRETRIAL MOTIONS." The applicable paragraph reads:

    7. **Illegally Obtained Evidence.** Defendant moves for the Court to suppress all evidence obtained by the State illegally and all evidence which was obtained by the State as a result of the illegally obtained evidence. Defendant further moves for the Court to instruct the State to disclose the origin of all physical evidence and moves for the Court to conduct a hearing outside the presence of the jury to determine the admissibility of such evidence.

2. The court in admitting State's Exhibits 1, 2 and 3 said:

    The Court will permit it for this particular hearing and taking into consideration the defense objection for an ultimate determination. For the purpose of this hearing I'll admit them at this time.

    Later, the court acted again on Exhibit 2:

    [STATE]: At this time, sir, again, Judge, to make sure the record is clear, offer State's Exhibit 2 into evidence for all purposes.

    (State's Exhibit Number 2 offered)

    [DEFENSE]: Same objection as previous, Your Honor.

    [COURT]: The objection is overruled. It's admitted at this time for all purposes.

facts has been lost or destroyed without his fault.

Dean filed his notice of appeal and pauper's affidavit on December 14, 1993, the day the court sentenced him. The court on the same day signed a form appointing Dean's appellate counsel and ordering the court reporter to transcribe her notes and furnish them to Dean or his counsel. Dean had thirty days to request a statement of facts from the court reporter. TEX.R.APP.P. 53(a). Neither the transcript nor the statement of facts reflects that Dean made such a request in writing. Dean filed the statement of facts with this court on February 11, 1994, within the sixty-day period required by TEX. R.APP.P. 54(b).

On September 16, 1994, Dean filed a motion in this court to abate the appeal and remand the cause to the trial court for a hearing on a lost or destroyed record. The motion stated that the transcript did not contain his motion to suppress and that the statement of facts did not contain several of the trial exhibits, including the arrest warrant and supporting affidavit, two penitentiary packets, and three documents Dean offered into evidence. We granted the motion, abated the appeal, and ordered the trial court to prepare a supplemental transcript containing the motion to suppress and ordering the court reporter to prepare a supplemental statement of facts containing the missing exhibits. The trial court conducted a hearing November 10, 1994, in which both the State and the defense stipulated that the motion to suppress and certain trial exhibits had been found. The supplemental transcript and supplemental statement of facts were filed with this court. The statement of facts still does not include the blue warrant or affidavit.

■ If an appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without the appellant's fault, he is entitled to a new trial unless the parties agree on a statement of facts. TEX. R.APP.P. 50(e). The party seeking relief must show that he made a timely request for the statement of facts and that, without any fault of his, the reporter's notes have been lost or destroyed. *Culton v. State*, 852 S.W.2d 512, 514 (Tex.Crim.App.1993). A timely request is one filed with the trial court in the time prescribed for perfecting the appeal for the court reporter to transcribe the proceedings. TEX.R.APP.P. 52(a); *Emery v. State*, 800 S.W.2d 530, 533 (Tex.Crim.App. 1990); *Corley v. State*, 782 S.W.2d 859, 861 (Tex.Crim.App.1989).

■ When an appellant is deprived of a portion of the statement of facts without his fault, he is entitled to a reversal without regard to harm. *Sheffield v. State*, 777 S.W.2d 743, 744 (Tex.App.—Beaumont 1989, no pet.) (citing *Dunn v. State*, 733 S.W.2d 212 (Tex.Crim.App.1987)). Exhibits are part of the appellate record, and if they are lost or destroyed, the record is incomplete and reversal is required. *Sheffield v. State, supra.*

■ The State argues that Dean never obtained a specific ruling on his motion to suppress, that he never received a final ruling on his objection to State's Exhibits 1 and 3, and that his objection to Exhibit 2 was based on chain of custody. His objection to the arrest warrant was based on the constable not being the record custodian. Thus, the State contends that Dean waived any complaint about the warrant and about the evidence discovered during the arrest. The State argues that it had to produce the blue warrant and the supporting affidavit and have them admitted into evidence, *Miller v. State*, 736 S.W.2d 643, 648 (Tex.Crim.App. 1987), and that the burden then shifted to Dean to prove that the warrant or affidavit was inadequate. Dean did not do so. Nevertheless, when an appellant is deprived of a statement of facts, he is entitled to a new trial irrespective of harm. *Sheffield v. State, supra.* Dean's failure to show or even allege a defect or inadequacy in the warrant does not cure the error. *Dunn v. State, supra.*

The State, citing *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 617 (Tex. App.—Corpus Christi 1993, writ denied), argues that missing exhibits are not essential to the record. In *Gutierrez*, the missing exhibits were drawings purporting to illustrate a witness's testimony. The court held that the drawings merely duplicated the tes-

timony. But here, the warrant and affidavit do not merely duplicate testimony. Dean directly challenges the arrest's legality and so challenges the warrant.

Dean moved to supplement the record. Although he did not file an affidavit from the court reporter explaining why the exhibits were missing, the trial court conducted a hearing in which both the State and the defense stipulated that the motion to suppress and all the exhibits that could be found had been found and were included in the supplemental record.[3] The statement of facts from the hearing does not explain the missing warrant and affidavit.

Also, although the appellate record does not contain Dean's request for a statement of facts, we assume that it was timely because the statement of facts was timely filed in this court. Generally, the appellant has the burden to show due diligence, but we must resolve any reasonable doubt in the appellant's favor. *Dunn v. State, supra.* Moreover, we ordered the district clerk to prepare a complete transcript and ordered the court reporter to restore the missing exhibits, but they have been unable to do so.

Considering all these circumstances, we conclude that Dean exercised the required diligence in seeking to develop and secure a complete record. Since both the State and the defense have stipulated that the missing exhibits cannot be located, Dean is entitled to a reversal and a new trial.

The sufficiency of the evidence determines whether a new trial or a judgment of acquittal must be ordered. We find that there was sufficient evidence to support the conviction,

so we reverse the judgment because of an incomplete record and remand the cause for a new trial.

---

**3.** The relevant stipulation was dictated by Dean's appellate counsel during the November 10, 1994 hearing. Different court reporters handled the trial and the hearing. The stipulation reads as follows:

> [DEFENSE]: If I can dictate the stipulations: The State and defendant appellate (sic) would like to stipulate before the Court that the court reporter has located certain records which have been tendered to the court, not marked as exhibits for this hearing, but were marked as a result of the actual trial and simultaneous Motion to Suppress hearing in this case that led to Mr. Dean's conviction that those are the only records as far as either side is aware that have been located. I believe

that's all the records, all the exhibits that were located and that appellant was not in any way responsible for them being misplaced or any delay in the Court of Appeals. I think we can stipulate that for what it's worth.

> Furthermore, I would like to tender a copy of a document entitled "Defendant's election and pretrial motions." I believe we can stipulate that this is—

> [STATE]: No objection, Your Honor.

> [COURT]: State has no objection, they are admitted.

It is not clear whether either party knew that the arrest warrant and any supporting affidavit were still missing.