*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

No. 04-09-00106-CV

**In the Interest of R.J.C.**,

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-02666
Honorable Michael Peden, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

This is an appeal from a suit to terminate the parental rights of appellant Timothy James

Houtchens brought by the child's mother. The trial court terminated appellant's parental rights to

the child R.J.C., and this appeal ensued. On appeal, appellant argues he was entitled to a free record

from the underlying trial because he is indigent. He also argues the trial court erred because it lacked

jurisdiction, denied him due process and equal protection, and based its judgment on legally and

factually insufficient evidence. We affirm.

## I. JURISDICTION

Appellant argues the trial court was without jurisdiction to hear the termination suit. This court previously addressed appellant's same jurisdictional argument in the appeal from the parties' divorce proceedings in *Houtchens v. Crawford*, No. 04-09-00118-CV, 2010 WL 26313, at *1 (Tex. App.—San Antonio Jan. 6, 2010, no pet. h.) (mem. op.). For reasons stated therein, we reaffirm our conclusion in that case that the trial court retained jurisdiction in both the divorce proceedings and the termination proceedings. Therefore, appellant's jurisdictional argument is without merit. *Id.* at *2.

## II. APPELLANT'S ENTITLEMENT TO A FREE RECORD

Appellant asserts he is entitled to a complete statement of the facts from the underlying trial free of charge in order to support his claims of legal and factual insufficiency. Appellant relies on *Dean v. State*, 900 S.W.2d 367 (Tex. App.—Texarkana 1995), *pet. improvidently granted*, 928 S.W.2d 567 (Tex. Crim. App. 1996), for the proposition that "When an appellant is deprived of a portion of the statement of facts without his fault, he is entitled to a reversal without regard to harm. Exhibits are part of the appellate record, and if they are lost or destroyed, the record is incomplete and reversal is required." *Id.* at 369 (internal citations omitted). Appellant's argument is misplaced, however, as this rule applies only to cases where exhibits are either lost or destroyed, *see id.*, neither of which appellant claims happened here. Second, here, the trial court's findings of fact and conclusions of law stated that appellant was indigent but also that his appeal was frivolous. Accordingly, appellant is not statutorily entitled to a complete copy of the statement of facts free of charge. *See* Tex. Civ. Prac. & Rem. Code Ann. 13.003(a)(2)(A) (Vernon 2002). In any event, the appellate record before this court includes the reporter's record from the termination proceeding with

all of the exhibits admitted during trial. Therefore, we are able to afford appellant both a legal and factual sufficiency review of the evidence.

### III. LEGAL AND FACTUAL SUFFICIENCY

Appellant argues the trial court terminated his parental rights based on legally and factually insufficient evidence. A trial court may order termination of the parent-child relationship if it finds by clear and convincing evidence that (1) the parent has been convicted of aggravated sexual assault of a child under section 22.021 of the Penal Code and (2) the termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1)(L)(viii) (Vernon Supp. 2009); *see* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2009). Although a "termination suit can result in a parent's loss of his or her legal relationship with the child, the primary focus is protecting the best interests of the child." *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (internal quotations omitted).

In reviewing termination findings for legal sufficiency, we look at all the evidence in the light most favorable to the judgment to determine if the fact-finder could reasonably have formed a firm belief or conviction that grounds for termination existed under the Texas Family Code. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In reviewing termination findings for factual sufficiency, we give due deference to findings of fact and must not supplant the fact-finder's judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We consider only evidence that the fact-finder could reasonably have found to be clear and convincing and inquire whether the evidence is such that a fact-finder could reasonably form a firm belief or conviction about the truth of the allegations. *H.R.M.*, 209 S.W.3d at 108; *J.F.C.*, 96 S.W.3d at 266.

Here, the undisputed evidence shows that appellant and Darla Crawford married in 2004. On April 6, 2006, appellant pled guilty to, and was convicted of, aggravated sexual assault of

Crawford's minor daughter, his six-year-old step-daughter. On August 16, 2006, Crawford gave birth to appellant's son, R.J.C., the subject of this appeal. During the termination trial, Crawford testified appellant had sexually abused her daughter who, as a result of the abuse, suffered serious injuries. Crawford also testified appellant, prior to their marriage, had abused the five-year-old daughter of his prior wife. She stated she worried about appellant's sexual behavior and the effect it might have on R.J.C. if appellant's rights were not terminated. Over appellant's objection, the trial court admitted into evidence appellant's "Waiver, Consent to Stipulation of Testimony and Stipulations" from his criminal trial, wherein appellant confessed to the intentional and knowing anal penetration of Crawford's daughter. Appellant, who appeared by telephone from prison, stated he was trying to better himself by taking courses, he was a different person, and he wanted Crawford to come visit him at the prison so she could see the changes in him and perhaps the family could be reunited.

The undisputed evidence established appellant was convicted of aggravated sexual assault of his minor step-daughter. Based on appellant's conviction, his sexual behavior towards at least two children, and Crawford's concern about the effect appellant's sexual behavior might have on R.J.C., we conclude the evidence is legally and factually sufficient to terminate the parent-child relationship.

## IV. DUE PROCESS AND EQUAL PROTECTION

Appellant argues the trial court denied him due process and equal protection for several reasons: (1) it did not conduct a pretrial hearing to determine the validity of the proceedings; (2) it did not rule on various motions he filed; (3) it did not determine whether Crawford's interests were in conflict with R.J.C.'s interests or whether R.J.C. should be appointed an attorney ad litem; (4) it

did not consider his post traumatic stress and bipolar disorders or his evidence of his rehabilitation during incarceration; and (5) it did not appoint an attorney to represent him in the termination suit.[1]

Appellant's first argument lacks merit because the record does not reflect he ever requested a pretrial hearing for any purpose. Therefore, appellant has waived his complaint. *See* TEX. R. APP. P. 33.1(a) (to present complaint for appellate review, record must show complaint was made to trial court). Appellant's second argument is without merit because, contrary to his assertion, the record reflects the trial court ruled on each of his motions: (1) the court obviously denied in part and granted in part his "Motion for Issuance of Bench Warrant[;] Alternative Motion for Hearing by Conference Call or Continuance" because appellant, who at the time of trial was incarcerated in the Ramsey State Prison, appeared at trial via conference call;[2] (2) during trial, the court expressly denied both his "Request for Appointment of Attorney Ad Litem to Represent [Appellant]" and "Motion to Transfer Jurisdiction."

As to appellant's third argument, while it is true that section 107.021(a-1) of the Texas Family Code requires the court to appoint either an amicus attorney or an attorney ad litem for the child, the court is not required to do so if it finds the interests of the child are represented adequately

---

[1] Additionally, appellant argues the trial court denied him due process and equal protection because the trial court failed to comply with provisions of the Texas Family Code and properly transfer the termination proceedings. *See* TEX. FAM. CODE ANN. § 155.201(a) (Vernon 2008). However, because our discussion in the first section is dispositive of his argument, and because appellant raises no other due process or equal protection claims with respect to jurisdiction, we decline to address the issue. *See* TEX. R. APP. P. 47.1.

[2] Even if we broadly construe appellant's argument to assert that he was denied due process because he was only entitled to appear by telephone, his argument still fails. Due process requires a trial court to give an incarcerated litigant some opportunity to be heard, be it in person, telephonically, or by affidavit. *Boulden v. Boulden*, 133 S.W.3d 884, 886-87 (Tex. App.—Dallas 2004, no pet.); *In re D.D.J.*, 136 S.W.3d 305, 313-14 (Tex. App.—Fort Worth 2004, no pet.). We review a trial court's ruling on an appellant's request to participate at trial by alternate means for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Here, the trial court afforded appellant the opportunity to appear by telephone, which allowed him to object to Crawford's evidence, cross-examine her, and present his own testimony. Under these circumstances, appellant was not denied due process because he was only allowed to appear telephonically, as opposed to in person.

by a party to the suit whose interests are not in conflict with those of the child. TEX. FAM. CODE ANN. § 107.021(a-1) (Vernon 2008). Here, the trial court stated in its Order of Termination that "[Crawford] has no interest adverse to [R.J.C.] and adequately represents the interests of the child." Moreover, the record reflects the primary interest of Crawford—the mother of appellant's victim as well as R.J.C.—was to protect R.J.C. from appellant. In any event, appellant does not state *how* the trial court abused its discretion in refusing to appoint an attorney ad litem for R.J.C. Accordingly, we conclude the trial court did not err.

As to his fourth argument, appellant stated during the trial that he had an "antisocial disorder" after serving in Iraq, he was "not mentally capable at the time of the plea bargain," he had gone through several courses to better himself, and he was now "a different person." Therefore, we have no reason to believe the trial court did not consider appellant's statements regarding his mental disorders and rehabilitation along with all the other evidence presented at trial.

### Appellant's Right to Appointed Counsel

Appellant's fifth argument is that due process entitles him to a court-appointed attorney.[3] Family Code Section 107.013(a) requires the court to appoint an attorney to represent a parent in a termination suit brought by the government. TEX. FAM. CODE § 107.013(a). However, there is no such mandatory requirement when, as here, the termination suit is brought by the other parent.

It is well-settled that the United States Constitution does not require the appointment of counsel in every termination proceeding. *Lassiter v. Dep't of Soc. Servs.* 452 U.S. 18, 31 (1981);

---

[3] Appellant asserts sections 107.013(a) and 107.021(a-1) of the Texas Family Code are unconstitutional both facially and as applied, and he asserts equal protection entitles him to appointed counsel. However, these arguments were either not raised before the trial court or are inadequately briefed on appeal. Therefore, the arguments are waived. *See* TEX. R. APP. P. 33.1(a), 38.1(h).

*In re B.L.D.*, 113 S.W.3d 340, 354 (Tex. 2003). However, the United States Supreme Court acknowledged that in some cases, due process may require the appointment of counsel. *Lassiter*, 452 U.S. at 31; *B.L.D.*, 113 S.W.3d at 354. Whether due process calls for the appointment of counsel for indigent parents in termination proceedings is left to the sound discretion of the trial court. *Lassiter*, 452 U.S. at 32; *see Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).

In *Lassiter*, a mother was convicted of second-degree murder, and the Department of Social Services sought to terminate her parental rights. *Lassiter*, 452 U.S. at 20-21. The trial court terminated the mother's parental rights without appointing a lawyer to represent her. *Id.* at 22, 24. On appeal, the Court considered the circumstances of the case before it in determining whether due process entitled the mother to a court-appointed attorney. First, the mother did not require an attorney because there were no allegations of abuse or neglect upon which to base criminal charges. *Id.* at 32. Second, the absence of counsel was not fundamentally unfair because no expert witnesses testified at trial and there were no especially troublesome points of law, either procedural or substantive. *Id.* at 32. Third, although some hearsay evidence was admitted, and while the mother left incomplete her defense that the Department had not adequately assisted her in rekindling her interest in her son, the weight of the evidence that she had little such interest was sufficiently great that the presence of counsel would not have made a determinative difference. *Id.* at 32-33. Finally, the mother did not demonstrate a desire to contest the termination proceedings. *Id.* at 33. The Court concluded that under those circumstances, the trial court did not err in failing to appoint counsel for the mother. *Id.*

Here, the petition to terminate contained no allegations that appellant abused or neglected R.J.C., and therefore, appellant is not subject to criminal charges stemming from his relationship

with R.J.C. Second, there were no expert witnesses to cross-examine, there were no troublesome points of law to address, and there are no other indications in the record that the absence of counsel amounted to fundamental unfairness. Third, although some objectionable evidence may have been admitted, there is no indication that either the evidence of appellant's conviction or Crawford's testimony indicating the termination was in R.J.C.'s best interest was inadmissible. And, although an attorney may have done a more thorough job in presenting appellant's argument that he was improving his life and he was a better person, there is no indication, based on all the evidence, that a more thorough presentation of this argument would have made a determinative difference in the final result. Finally, although appellant demonstrated a clear desire to contest the proceedings and to reunite his family, this circumstance alone does not tip the scales of due process to entitle appellant to appointed counsel. Based on the circumstances of this case, we conclude the trial court did not abuse its discretion or violate appellant's right to due process by refusing to appoint him counsel.

## CONCLUSION

We overrule appellant's issues on appeal, and we affirm the trial court's judgment.


Sandee Bryan Marion, Justice