82974-02

APPEALS No.WR-82,974-01

TRIAL.Ct.No.2010-426,671-A

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 17 2015

Abel Acosta, Clerk

KEENON JONES                         §      COURT OF CRIMINAL
        Appellant
V.                                   §      APPEALS OF TEXAS

THE STATE OF TEXAS                   § P.O.Box 12308,CAPITOL STATION

AUSTIN,TEXAS 78711

APPELLANT"S PRO-SE MOTION FOR A WRIT OF MANDAMUS,WITH THE

TEXAS RULES OF ALLELLANT PROCEDURE and GROUNDS

With ORAL ARGUMENT IN SUPPORT THEREOF.

To The Honorable Clerk,Abel Acosta,

Comes Now,Keenon Jones,TDCJ#1825082,CID,Alfred D.Hughes Unit

Rt 2 Box 4400/,3201 FM 929 Gatesville,Texas 76597.

Appellant asserts to this Honorable Court of Criminal Appeals

that he didnot filed any Reconsideration Hearing,on his Appeal,he

file,An Unresolved "ISSUES" ! "NOT",Requesting any Reconsideration

at this time because of his Records.

Appellant argues his reasons for this OBJECTION,is that with-

out his "Phone Call","Records", !,HE CAN NOT FILE HIS RIGHT DUE

PROCESS OF LAW,and his well to the point arguments and his viol-

ations of his "constitutional Rights",which at this time haved

been violated,under The Six and Fourteenth Amendments.

Appellant asserts and argues that he did send a letter motion

to his Lawyer and to the court reporter and he did not get any

answer from those Officials.

Appellant is arguing these facts that he has found newly dis-covered evidence because of this Honorable Court rulings on this his Writ of Habeas Corpus.This Rule of T.R.A.P.Rule 79.2(d)states;

T.R.A.P.Rule 79.2.(d) A motion for rehearing an order that that denies habeas corpus relief under code of Crimi-nal Procedure,articles 11.07 or 11.071.May not be fi-led.The Court may on its own initiative reconsider the case.

Appellant did filed an Notice of Appeal and this court of Appeals takes it ass an Motion for reconsideration,this Notice of Appeal does not state anything about "YOUR COURT",to Reconsider, this Writ of Habeas Corpus 11.07,it stated unresolved issues.

Please See State Ex Rel.Holmes V.Kleven Hagen cite as 819 S.W.539 Tex.Cr.App.1991)pg [1]As previously noted, the state now seeks relief by writ of Mandamus to com-ple Judges to rescind her order granting Williams ha-beas corpus relief and to direct the Harris County sheriff to excute the Governor's Warrant.Pursuant to Art.V,§ 5,of the Texas Constitution,this Court has jurisdiction to issue Writs of mandamus.It is well-settled by this Court that in order for mandamus to issue,the party seekung mandamus must show that there is no other adequate remedy available and that the act sought to be complelled is a ministerial act.Brayton V.Dunn,803 S.W.2d.318,320,(Tex.Cr.App.1991),citing State exrel.Holmes V.Salinas,780 S.W.2d 216 (Tex.Cr. App.1990),and Stearnes V.Clinton 780 S.W.2d 216 (Tex. Cr.App.1990),and Shan...

Appellant asserts and argues that if his Lawyer and the Court Reporter never send his copies of that of what he order from them, then it is not his fault,because he due diligently seeked these records.Please See;

Dean V.State cite as 900S.W.2d.367(Tex.App.-Texarkana 1995)pg 369[1] If an Appellant has made a timely requ-est for a staement of facts,but the court reporter's notes and records have been lost ordestroyed without the appellant's fault,he is entitled to a new trial unless the parties agree a statement of facts.Tex.R. App.P.50(e).The party seeking relief must show that he made a timely request for the statement of facts

3.

and that,without any fault of his,the reporter's notes have been lost or destroyed.

Appellant asserts that on this Ruled of Appellant Procedure § 44.01.(a)The state is entitled to appeal an order of a court in a criminal case if the order;

Appellant argues that his first prong,on this Writ of Mandamus that this court went straight to the point of sending appellant to an avenue of wanting him to file an Motion for reconsideration, when in this case law it states this;Please See;

> 819 S.W.539 n.at 541 [2,3]As to the first prong,rela- tor contends he has no other adequate remedy at law because the State has no right to appeal a judgment granting habeas corpus relief unless that judgment may be construed as an order granting a new trial. See Art.44.01,V.A.C.C.P.Ordinarily,a respondent in a habeas corpus case cannot appeal from a judgment discharging the the applicant,State V.Gonzales ,459 S.W.2d 947(Tex. Civ.App.-San Antonio,1970,no writ).

Appellant also argues that if his law would haved send him all his records it would have been a different out come on him and on his filing to this court his right due process of law.

> See 900 S.W.2d 367,n.at.369(Tex.App.-Texarkana 1995). 369[4]Nevertheless,when an appellant is deprived of a statement of facts.he is entitled to a new trial irre- spective of harm.Sheffield V.State,supra.Dean's fail- ure to show or even allege a defect or in adequacy in the warrent does not cure the error.Dean V.State.Supra.

Appellant asserts that he is requesting all his documents of his case,"The Phone Calls",that were used to convicted him,or all the DNA Testing records if there were any in his case,the lawyer never showed him any records of this kind at any time.

> Rule 44.01.(3)grants a new trial;
> Rule 44.01.(6)is issued under chapter 64.

Appellant is also requesting the DNA Testing that was done on his case and claim at this time.

4.

## - PRAYER -

I,Keenon Jones prays that this Honorable Court of Appeals of Texas will Grant this Motion of Appellants request for this beening argued in a very short time,to argue,because of lock down in this Unit and dorms.

## - CERTIFICATE OF SERVICE -

I,Appellant certify that a copy of this pro-se motion was sent to this Honorable Court of Appeals of Texas P.O.Box 12308, Capitol Station Austin,Texas 78711,by U.S.postage and is adding the prison mail box rule,and is requesting that this court will send copies to all partys involved and that this court will Grant this motion,and that it will conduct a Evidentiary Hearing and that appellant is under penalty of perjury and that a of the above is true and correct to the best of his knowledge and that all relief will be sought in his case and claim.

Texas Gov't Code,Civil Practice Remedy,132 28 U.S.C. § 1746.

Executed on this 15 day of July 2015.

Respectfully Submitted

Keenon Jones #1825082
Alfred D.Hughes Unit
Rt 2 Box 4400/,3201 FM
929 Gatesville,Tx 76597.

Respectfully Submitted
7-15-15

APPEALS No.WR-82,974-01

TRIAL.Ct.No.2010-426,671-A

KEENON JONES                       §        COURT OF CRIMINAL
      Appellant
V.                                 §        APPEALS OF TEXAS

THE STATE OF TEXAS                 §P.O.Box 12308,CAPITOL STATION

                                            AUSTIN,TEXAS 78711
                        ─────────────────
                        Appeals From The
                   140TH Judicial District
                     County Courthouse
                      Lubbock,Texas
                        ─────────────────


APPELLANT"S PRO-SE MOTION OBJECTING TO THE DISMISSAL DECISION

OF THE RULING DATED,6-15-2015,PURSUANT TO THE

TEXAS RULES OF APPELLANT PROCEDURE RULE 79.2(d).

And Adding Oral Argument To The Hold Rule of

T.R.A.P.Rule 79.Rehearings,(79.1)Motion For Rehearing,

(79.2.)Contents. In Addition With A

WRIT OF MANDAMUS,BEENING THE SUPPLEMENTARY GROUND,

FOR THIS "OBJECTION".

VERNON"S CONSTITUTION OF THE STATE OF TEXAS ANN

Article V.Judicial Department Section § 5.Jurisdic=

tion of Court of Criminal Appeals;terms of Court;

Clerk.Sec. 5.(a),(b),(c).

VERNON"S TEXAS STATUTES ANNOTATED

6.Code of Criminal Procedure

Article 44.01.[812],[893],[871] Appeal by state